1
2
3                      UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5
6  MICHAEL LENA,
7                    Plaintiff,              No. C 13-4024 EDL (PR)
8        v.                                  **ORDER DISMISSING WITH
                                             LEAVE TO AMEND**
9  KEVIN CHAPELL,, et. al.,
10                   Defendant.
                                    /
11

12         Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison, has

13  filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to

14  proceed in forma pauperis.

                               **DISCUSSION**

15

16  **A.     Standard of Review**

17         Federal courts must engage in a preliminary screening of cases in which prisoners

18  seek redress from a governmental entity or officer or employee of a governmental entity.

19  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28  omitted).  Although in order to state a claim a complaint "does not need detailed factual

**United States District Court**
For the Northern District of California

1  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8  framework of a complaint, they must be supported by factual allegations.  When there are

9  well-pleaded factual allegations, a court should assume their veracity and then determine

10  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11  679 (2009).

12        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged deprivation was committed by a person acting under the

15  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.     Legal Claims**

17        Plaintiff states that prison officials have obstructed his attempts to file legal actions.

18        Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*,

19  518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a

20  claim for any violation of the right of access to the courts, the prisoner must prove that there

21  was an inadequacy in the prison's legal access program that caused him an actual injury.

22  *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the

23  inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

24  concerning his conviction or conditions of confinement.  *See id.* at 354-55.

25        Plaintiff alleges that prison officials have obstructed his efforts to file habeas and civil

26  rights cases by preventing him from properly completing the in forma pauperis applications.

27  Plaintiff has been attempting to challenge his placement in Administrative Segregation.

28

United States District Court

For the Northern District of California

1   Plaintiff also alleges obstruction in his attempts to exhaust claims through the inmate

2   grievance system.  Plaintiff states that prison officials have a habit of preventing inmates

3   from filing cases by not completing the necessary forms for in forma pauperis applications

4   and by not properly processing inmate appeals.  Other than stating that his attempts to

5   have the forms completed have been thwarted, plaintiff provides few details and identifies

6   no individual defendants.  Nor has plaintiff described his other habeas and civil rights cases

7   in sufficient detail to demonstrate they were non-frivolous.  The only relief plaintiff seeks in

8   this action is for the prison to stop hampering efforts at litigation.  He seeks no specific relief

9   regarding his placement in Administrative Segregation.  The case will be dismissed with

10  leave to amend for plaintiff to provide more specific information and identify individual

11  defendants.[1]

12                                           **CONCLUSION**

13       1.  The complaint is **DISMISSED** with leave to amend in accordance with the

14  standards set forth above.  The amended complaint must be filed within **twenty-eight (28)**

15  **days** of the date this order is filed and must include the caption and civil case number used

16  in this order and the words AMENDED COMPLAINT on the first page. Because an

17  amended complaint completely replaces the original complaint, plaintiff must include in it all

18  the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

19  1992).  He may not incorporate material from the original complaint by reference.  Failure to

20  amend within the designated time will result in the dismissal of this action.

21       2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

22  court informed of any change of address by filing a separate paper with the clerk headed

23  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

24  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

25  Federal Rule of Civil Procedure 41(b).

26

27       [1] The court also notes that it routinely receives proper applications to proceed in forma
28  pauperis from prisoners at San Quentin State Prison who have also exhausted their claims.

**United States District Court**
For the Northern District of California

1
    **IT IS SO ORDERED.**

2
Dated: November 1, 2013.

3
    ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

4

5
G:\PRO-SE\EDL\CR.13\Lena4024.dwlta.wpd

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

2
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

3

4  MICHAEL LENA,

Case Number: CV13-04024 EDL

5          Plaintiff,

**CERTIFICATE OF SERVICE**

6    v.

7  KEVIN CHAPELL et al,

8          Defendant.

_____/

9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

11

12  That on November 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
13  located in the Clerk's office.

14

15  Michael Angelo Lena #AN9206
16  San Quentin State Prison
    537 Carson
17  San Quentin, CA 94974

18  Dated: November 1, 2013

Richard W. Wieking, Clerk
19                                                    By: Lisa R Clark, Deputy Clerk

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

5