UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LENA,

          Plaintiff,

    v.

KEVIN CHAPELL, et. al.,

          Defendant.

No. C 13-4024 EDL (PR)

**ORDER OF DISMISSAL**

    Plaintiff, a state prisoner currently incarcerated at High Desert State Prison filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend. Plaintiff stated prison officials at San Quentin State Prison had obstructed his attempts to file legal actions with the court, by preventing him from properly completing in forma pauperis applications and from completely exhausting inmate grievances. The court discussed the deficiencies in his complaint and set forth the legal standard for such a claim.

    Plaintiff has not filed an amended complaint but has filed a letter and states there was some confusion about his action. It seems that plaintiff did not wish to commence an action yet, but wanted aid in completing an IFP application for another action that is not yet ready to be filed and concerns defendants at San Quentin State Prison and High Desert State Prison. As plaintiff has not filed an amended complaint and based on his letter, this case will be dismissed. Moreover, plaintiff was incarcerated at San Quentin State Prison when he initially filed this action but has since been transferred to High Desert State Prison, so any injunctive relief he seeks regarding defendants at San Quentin State Prison is moot. To the extent he is having difficulties at High Desert State Prison he must file an action in the United States District Court for the Eastern District of California where that facility it

located.[1]

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: December 16, 2013.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Lena4024.dis.wpd

---

[1] Plaintiff is again informed that to establish a claim for any violation of the right of access to the courts, he must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-55 (1996) To prove an actual injury, he must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354-55.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LENA,

    Plaintiff,

v.

KEVIN CHAPELL et al,

    Defendant.

Case Number: CV13-04024 EDL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 16, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Angelo Lena #AN9206
High Desert State Prison
B3-232
P.O. Box 3030
Susanville, CA 96127

Dated: December 16, 2013

Richard W. Wieking, Clerk
By: Lisa R Clark, Deputy Clerk

3